IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re: ELWOOD DEAN FRENCH  :  Case No. 01-5-6579-JS

: Chapter 7

**MEMORANDUM OF PENINSULA BANK AND ADKINS, POTTS & SMETHURST, LLP, IN RESPONSE TO DEBTOR'S MOTION FOR RECUSAL IN RE OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS**

Peninsula Bank, Plaintiff, by its attorneys, John B. Robins, IV, and John B. Robins, IV, P.A., and Adkins, Potts & Smethurst, LLP, Plaintiff, by its attorney, Raymond S. Smethurst, Jr., and Phillip A. Franklin and Barbara Franklin, Plaintiffs, by their attorney, Raymond S. Smethurst, Jr., submit the following Memorandum in response to the Debtor's Motion for Recusal of the Honorable James F. Schneider in the matter of Objections to Debtor's Claim of Exemptions.

THE DEBTOR'S MOTION IS UNTIMELY

The basis for Debtor's Motion for Recusal is the fact that Judge Schneider, at a hearing in these proceedings on December 20, 2002, commented on the record that the Debtor was a "crook." The hearing on the Objections to Exemptions is scheduled for October 27, 2003. Even if there was merit in the asserted cause for recusal, the Debtor has not timely raised his objection.

Although the wheels of justice sometimes turn slowly, they do turn. For three years the Debtor has prospered under the protection of the U.S. Bankruptcy Court. Notwithstanding his professed limited income and his scant assets, he has managed to bankroll the retainers of talented bankruptcy attorneys and litigators. He has continued to use and recover assets which belong to the bankruptcy estate.

The case of *In re Elwood Dean French* has been assigned to Judge Scneider from the outset. The matter of the Objections to Debtor's Claim of Exemptions is core to the case. At least since December 20, 2002, Debtor has been aware of the facts which he now raises on the eve of the hearing as cause for recusal. He declined to raise any objection until now. Debtor's Motion for Recusal is rather transparent. He seeks to cause further delay in these proceedings.

## THE DEBTOR'S MOTION HAS NO MERIT

Essentially the Debtor wants another judge assigned to this particular aspect of his bankruptcy case because Judge Schneider has denied his discharge. In this regard he is not unlike a gambler at a Las Vegas blackjack table requesting another deck of cards in an effort to improve his luck. Judge Schneider has determined the Debtor to have been guilty of fraudulent practices in connection with this case; Elwood Dean French is not the honest debtor for whom relief by discharge of debts was intended. Indeed, he is a crook, i.e., a person given to crooked or fraudulent practices as defined in *Black's Law Dictionary*. The evidence is abundant in this regard. Any one of a plethora of fraudulent acts or perjured testimony would warrant this conclusion by a finder of fact.

The incredible fact in this case is not that Judge Schneider has found Debtor to be a person given to crooked or fraudulent practices; rather, the perplexing question is why the United States Attorney's Office, having been advised of the facts and circumstances of this case, has not initiated a criminal investigation. There is indicia and evidence, not only of bankruptcy fraud, but tax fraud, mail fraud, wire fraud, money laundering, violations of the Racketeering and Corrupt Organizations Act, and conspiracy.

Although the undersigned counsel admittedly laughed aloud when Debtor's counsel shared with them the "medical evidence" for Debtor's flagrantly inconsistent sworn statements, the Court merely commented on the very evidence offered by the Debtor, namely, the opinion of Dr. Daniel Freedenburg that the Debtor, for medical reasons, has difficulty in telling the truth,

especially in stressful situations. Debtor contends that Judge Schneider should recuse himself because the Court accepted as true the medical evidence which the Debtor himself presented.

Debtor's cause for concern is not that Judge Schneider is biased. The real concern is that Judge Schneider is too familiar with the facts of the case to which the issue of objections is core. The Debtor protests that he was not a party to the hearing in which he was referred to as a "crook." His counsel, however, was present and appeared on behalf of the Debtor in the proceedings, It was only after the contact person for attorney Ronald Drescher was disclosed that the comments were made. The infamous "Oral Martin" has been a common thread in the Debtor's fraudulent activities, and is apparently the "point man" for both Bahaman corporations which are asserted to be veils behind which the Debtor is secreting assets. Over the last three years, during this bankruptcy case, the Debtor has provided conflicting accounts of his relationship with Mr. Martin.

Judge Schneider and all counsel know that Debtor may or may not be telling the truth from time to time when he testifies under oath. The medical evidence in this regard was produced by Debtor and is a matter of record in this case. The Judge's conclusion and comment that Debtor is a person given to crooked or fraudulent practices is amply supported by the record. Debtor is not entitled to a new judge merely because Judge Schneider has made a factual determination with which he disagrees.

## CONCLUSION

Debtor's untimely objection to Judge Schneider is without merit. The matter of Debtor's entitlement to exemptions is scheduled for October 27, 2003, which is three years and seventeen days after Debtor filed his Petition under Chapter 7. Any further delay is inconsistent with traditional notions of justice, and would afford this "dishonest debtor" additional time to live and operate, with life as usual, under the protection of the Bankruptcy Code.

DATED: September 26, 2003                JOHN B. ROBINS, IV, P.A.

                                         By: _____
                                             John B. Robins, IV
                                             Federal Bar No. 1900
                                             Attorney for Peninsula Bank
                                             P.O. Box 506
                                             Salisbury, Maryland 21803-0506
                                             Telephone No. (410) 749-3791

                                         ADKINS, POTTS & SMETHURST, LLP

                                         By: _____
                                             Raymond S. Smethurst, Jr.
                                             Federal Bar No. 07860
                                             Attorneys for Adkins, Potts &
                                             Smethurst and Phillip A.
                                             Franklin, et ux
                                             P.O. Box 4247
                                             Salisbury, Maryland 21803-4247
                                             Telephone (410) 749-0161


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, That on this 26th day of September, 2003, an exact copy of the foregoing document was sent by regular United States Mail, postage prepaid, to (1) Stanton J. Levinson, Esquire, attorney for Debtor, P.O. Box 1746, Silver Spring, MD 20915; (2) George W. Liebmann, Trustee, 8 West Hamilton Street, Baltimore, MD 21282; (3) Office of U.S. Trustee, 300 West Pratt Street, Suite 350, Baltimore, MD 21201.

_____
John B. Robins, IV